UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SUSAN SOFKA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:21-cv-00273 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### PARTIES

1.   Plaintiff is a resident of Texas.

2.   Defendant WAL-MART STORES TEXAS, LLC is a Arkansas company authorized to do business in the State of Texas and is being served with the amended complaint by and through its attorneys of record, John A. Ramirez, Elizabeth Justice, BUSH & RAMIREZ, PLLC, 5615 Kirby Dr., Ste. 900, Houston, Texas 77005.

### JURISDICTION AND VENUE

3.   Plaintiff would show that venue is proper under the provisions of 28 U.S.C. § 1391 (b)(2) because a substantial part or the events or omissions giving rise to the claim occurred in this district.

### NATURE OF ACTION

4.   It has become necessary to bring this lawsuit by reason of injuries and damages suffered by Plaintiff on or about July 11, 2019, while on the premises owned and operated by Defendant, located at 6410 I-45, La Marque, Galveston County, Texas. While shopping in the garden section of Defendant's store, Plaintiff slipped on water. Plaintiff was immobilized by the fall on the floor and other shoppers and the store's assistant manager came to Plaintiff's assistance.

5.  Defendant requested, allowed, permitted and encouraged Plaintiff to enter onto the premises. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and guard Plaintiff from unreasonably dangerous conditions existing on its premises or to warn her of their existence. Plaintiff was exercising ordinary when suddenly and unexpectedly she was caused to fall due to the dangerous condition and/or hazard existing on the premises which Defendant, its agents, servants, and employees, knew, or should have known, existed. As a result of the aforesaid dangerous condition, Plaintiff sustained severe and permanent injuries. Plaintiff would show that nothing she did nor failed to do caused, or in any way contributed to cause, the occurrence in question.

6.  Further, Plaintiff would respectfully show unto this Honorable Court and Jury that the Defendant failed to perform the above-stated duties and, therefore, was negligent as that term is understood under the laws of the State of Texas in one or more of the following respects:

    (1) in failing to continually have the premises, which were open to the public, inspected for dangerous conditions and/or hazards located on the premises;

    (2) in failing to remedy the dangerous condition and/or hazard that it knew of, or in the exercise of ordinary care, should have known was present on its premises;

    (3) in failing to warn persons similarly situated to Plaintiff, including Plaintiff, of the dangerous condition and/or hazard located on said premises; and

    (4) in more particularity to be shown at trial.

7.  Each and all of the above and foregoing acts on the part of the Defendant, both of omission and commission, were negligent and constituted negligence and negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff.

8. All conditions precedent to bringing Plaintiff's cause of action have been performed or have occurred.

9. As a result of the aforesaid negligence on the part of the Defendant, Plaintiff has been severely and permanently injured. She has suffered all legal elements of damages recognized by law, including physical pain and mental anguish, physical impairment, disfigurement, loss of ability to perform household services, loss of earning capacity, has incurred reasonable and necessary medical bills and expenses and will, in all reasonable probability continue to suffer some or all of said legal elements of damages in the future beyond the date of trial of this cause. Accordingly, Plaintiff maintains this suit against Defendant for each of Plaintiff's foregoing legal elements of damages in a just and reasonable sum far in excess of the jurisdictional minimals of this Honorable Court, plus pre-judgment interest on their damages as permitted by law.

## JURY REQUEST

10. Plaintiff hereby asserts her right to a trial by jury regarding all issues of fact presented by this claim. FRCP 38.

## PRAYER FOR RELIEF

11. **WHEREFORE,** Plaintiff prays that summons be issued and caused to be served upon the Defendant and that, upon final trial, she recover damages against Defendant as prayed for; that Plaintiff have pre-judgment and post-judgment interest as authorized by law; that Plaintiff recover reasonable attorney's fees; that Plaintiff recover her costs of court; and Plaintiff have such other and further relief to which she may show herself justly entitled.

Respectfully submitted,

MATTHEWS & FORESTER

*/s/ Kelly Forester*
KELLY FORESTER
TBA #00787482
FEDERAL ID # 17031
3027 Marina Bay Drive, Suite 320
League City, Texas 77573
(281) 535-3000
FAX: (281) 535-3010
kforester@matforlaw.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      A true and correct copy of the above and foregoing instrument has been sent to all counsel via certified mail/return receipt requested, hand delivery, or facsimile transmission on January 25, 2022.

*/s/ Kelly Forester*
KELLY FORESTER